UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      CASE NO.: 8:04-CV-244-T-MAP

MICHAEL L. CONE,

        Defendant.
_____/

**ORDER**

Before the Court is the United States' motion for entry of summary judgment against Michael Cone (doc. 57). In a nutshell, the United States seeks entry of judgment against Michael Cone in the full amount of his unpaid tax obligation after Cone failed to pay a smaller sum the United States and Cone agreed upon at a settlement conference. In response, Cone contends this Court lacks jurisdiction and disagrees with the amount the United States seeks to recover from him under the settlement agreement (doc. 58). After consideration, I find that the United States has satisfied its burden of proof and that there are no genuine issues of material fact. Hence, for the reasons set forth below, the United States' motion (doc. 57) is granted.

*A. Background*

Julian Cone and Christopher Cone filed this action against the United States seeking recovery of the responsible person tax for the third quarter of 1999 arising from the operation of Cone Constructors, Inc.[1] The United States filed a counterclaim against the Plaintiffs to reduce the

---

[1] The responsible person tax, Internal Revenue Code § 6672, was enacted to protect the United States against losses of revenue when the trust fund taxes are not remitted by the

responsible person assessments against them to a judgment, and also filed a counterclaim against Michael Cone to reduce to judgment the responsible person assessments made against him for the first three quarters of 1999 and the first and second quarters of 2000 related to the same corporation. At this juncture, the claims between the United States and the Plaintiffs have been dismissed with prejudice, and all that remains for resolution is the United States' claims against Michael Cone. Because the Plaintiffs already paid in full the responsible person tax for the third quarter of 1999, the United States' claim against Michael Cone for the third quarter of 1999 is moot.

The claims remaining concern the responsible person assessments for the first and second quarters of 1999 and the first and second quarters of 2000. The United States and Michael Cone participated in a mediation conference on June 13, 2005, with mediator Peter Grilli and reached a tentative settlement agreement. Thereafter, on July 29, 2005, Michael Cone sent a letter to United States Attorney Mary Hervey stating:

> This is my offer to settle the above-captioned case on the following terms: ... 1. This settlement shall resolve all claims at issue in the above-captioned proceeding specifically all responsible person assessments against Michael L. Cone arising from the operation of Cone Constructors, Inc. During [sic] 1999 and 2000. ... 6. That if payment is not made as set forth herein, the settlement agreement shall be null and void and the United States shall be entitled to entry of a judgment in its favor against Michael L. Cone for the full amount of the unpaid balance of assessment of the taxes described in paragraph 1 herein.

doc. 57, exhibit A-1. On August 11, 2005, Ms. Hervey, on behalf of the United States, responded to Michael Cone's letter, adopting the above-quoted terms from Cone's letter verbatim, indicating

---

employer. This section provides the United States with another source from which to collect the withheld taxes, providing that "[a]ny person required to collect, truthfully account for, and pay over any tax ... who willfully fails to collect such tax, or truthfully account for and pay over such tax ... shall be personally liable to the United States for the full amount of the taxes not collected or not paid to the United States.

"This offer has been accepted on behalf of the Attorney General." doc. 57, exhibit A-2. Michael Cone failed to pay the United States per the settlement agreement's terms, and the United States now asserts that Cone breached the settlement agreement and seeks judgment against him in the amount of $1,940,368.14 as of November 30, 2007, plus interest thereafter in accordance with 26 U.S.C. §§ 6621 and 6622 per the terms of the settlement agreement. The United States contends that notice and demand for the trust fund recovery penalty tax for the first and second quarters of 1999 and the first quarter of 2000 ending on March 31, 2000, was properly made upon Michael Cone on September 20, 2000, and the unpaid balance of the assessment is $1,065,103,73 plus statutory additions, and that notice and demand for the trust fund recovery penalty tax for the second quarter ending on June 30, 2000 was made upon Michael Cone on February 4, 2002, and the unpaid balance of the assessment is $38,037.77 plus statutory additions. The total unpaid balance of the responsible person assessment for these periods is $1,940,368.14 as of November 30, 2007. *See* declaration of Larry McTaw, doc. 57, exhibit D; doc. 29, p.3.

    *B. Standard of review*

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) (emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.*

In a suit to reduce a tax assessment to a judgment, the United States has the burden of proving that the assessment was made and the suit timely filed. Failure to assess, to commence proceeding in a Court without assessment, or to commence a suit for collection of taxed assessed within the period of limitations will defeat a suit to reduce the tax assessment to judgment. 14 Mertens Law of Fed. Income Taxation §54A:81 (2007).

*C. Discussion*

*1. Jurisdiction*

Michael Cone contends that this Court lacks jurisdiction because it previously dismissed this action with prejudice following the parties' settlement agreement. This contention fails, however, because the settlement agreement specifies that this Court retains jurisdiction in the event that Michael Cone breaches it. Per its terms, "if payment is not made as set forth herein, the settlement agreement shall be null and void and the United States shall be entitled to entry of a judgment in its favor against Michael L. Cone for the full amount of the unpaid balance of assessment of the taxes described in paragraph 1 herein." doc. 57, exhibit A-1, ¶ 3 and exhibit B, ¶ 3. Hence, this Court had clear authority pursuant to the settlement agreement's terms and Fed.R.Civ.P. 60(b)(6) to vacate the order of dismissal and retain jurisdiction over the parties' controversy. *See* doc. 56 (order dated August 9, 2007, granting United States' motion to vacate order of dismissal against Michael Cone (doc. 48)); *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 378 (1994) (court retains authority to alter or amend a judgment where litigant seeks reconsideration as result of breach of settlement agreement); *Kingvision Pay-Per-View Corp. v. Mardi Gras, Inc.*, 185 F.Supp. 2d 1340, 1342 (M.D.Ga. 2002) (district court that has jurisdiction over a case from its inception does not lose jurisdiction to reopen case after dismissal where parties settled case, court dismissed action, and

4

parties never consummated settlement).[2]

       *2. Amount due*

Based upon a June 13, 2005, document entitled "settlement agreement" prepared following the mediation conference, Michael Cone argues that the United States cannot seek to recover penalties from him for taxes owed outside the first and second quarters of the year 2000. The June 13, 2005, document provides "within 120 days of government approval of the settlement, Mr. Cone shall pay the United States $840,878.00. The United States shall there upon release its claim herein. In the event of a default in payment, the parties stipulate to the entry of judgment against Mr. Cone for the full amount of the unpaid responsible person liabilities arising from the operation of Cone Constructors, Inc. for the first and second quarters of 2000, *unless mutually agreed otherwise.*" doc. 57, exhibit A, ¶ 3 (emphasis added). However the record reflects that subsequent to the June 13, 2005, document the parties did mutually agree otherwise, as reflected by correspondence they exchanged. As explained above, on July 29, 2005, Michael Cone sent a letter to United States Attorney Mary Hervey stating:

> This is my offer to settle the above-captioned case on the following terms: ... 1. This settlement shall resolve all claims at issue in the above-captioned proceeding specifically all responsible person assessments against Michael L. Cone arising from the operation of Cone Constructors, Inc. During [sic] 1999 and 2000. ... 6. That if payment is not made as set forth herein, the settlement agreement shall be null and void and the United States shall be entitled to entry of a judgment in its favor against Michael L. Cone for the full amount of the unpaid balance of assessment of the taxes described in paragraph 1 herein.

---

[2] Neither party suggests this is an action to enforce a settlement agreement like *Kokkonen*. However, it is worth noting that because the United States is a party in this action even if this were an action to enforce a settlement agreement, this Court would have independent federal jurisdiction over the matter pursuant to 28 U.S.C. §§ 1345 and 1346 which endow the federal district courts with original jurisdiction over civil actions by or against the United States.

doc. 57, exhibit A-1. And, Ms. Hervery's August 11, 2005, response adopted the above-quoted terms from Cone's letter verbatim, indicating "This offer has been accepted on behalf of the Attorney General." doc. 57, exhibit A-2.

Obligations to and rights of the United States under its contracts are governed exclusively by federal law. *Boyle v. United Technologies Corp.*, 487 U.S. 500, 504 (1988). *See also Begner v. United States,* 428 F.3d 998, 1004 (11th Cir. 2005) (traditional rules of contract law apply to taxpayer and IRS's agreement compromising unpaid taxes; federal courts use federal common law to evaluate contracts when the United States is a party). Giving content to federal law, is accomplished in two ways: looking to state law and incorporating it into federal law, or fashioning federal common law. *See generally Boyle, supra,* at 504-06; *Clearfield Trust Co. v. United States,* 318 U.S. 744 (1943). Upon examining general principles of contract law and decisions emanating from federal and Florida courts, I conclude that the correspondence from Cone to Hervey and the correspondence from Hervey to Cone constitute an offer and acceptance of the offer, culminating in a valid and enforceable contract. A contract is formed when there is "manifestation of mutual assent" (usually communication of a valid offer and acceptance of same), which may be made wholly or partly by written or spoken words. *Restatement (2d) of Contracts* §§ 1, 18, 22 (1981); *Kendal v. Pontious*, 244 So. 2d 543, 544 (Fla. 3d DCA 1971) (under the "deposit acceptance rule" acceptance of an agreement becomes effective as of the time it is deposited in the mail); *Id.* citing *Restatement of Contracts*, § 64 ("If an offer is accepted without conditions, and without varying its terms, and the acceptance is communicated to the other party without unreasonable delay, a contract arises, from which neither party can withdraw at its pleasure.").

The United States filed the declaration of IRS advisor/ reviewer Larry McTaw indicating that

the total unpaid balance of assessments for responsible person assessments for the periods ending June 30, 2000, is $1,940,368.14 as of November 30, 2007.  doc. 57, exhibit  D.  I do not find the declaration of Robert Dortch persuasive for the reasons set forth by the United States.

*D. Conclusion*

I find that the United States has satisfied its burden of proving that the assessments were made and the suit timely filed.  Because there are no genuine issues of material fact, the United States' motion for summary judgment (doc. 57) is GRANTED.  The Clerk of Court is directed to enter judgment for the United States and against Michael Cone in the amount of $1,940,368.14 as of November 30, 2007, plus interest thereafter in accordance with 26 U.S.C. §§ 6621 and 6622.

DONE AND ORDERED in chambers at Tampa, Florida on this 7th day of March, 2008.

_____
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE